IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELAN UNTERBERG, Individually and as Personal Representative of the Estate of JURGEN UNTERBERG, deceased,<br><br>        Plaintiff,<br><br>   vs.<br><br>EXXON MOBILE CORPORATION; MOBIL SHIPPING AND TRANSPORTATION COMPANY; DOES 1 TO 25,<br><br>        Defendants. | CIVIL NO. 14-00181 JMS-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION TO REMAND[1]

Before the Court is Plaintiff's Motion to Remand, filed April 25, 2014. ECF No. 12. Defendant Mobil Shipping and Transportation Company ("MOSAT") filed an Opposition to the Motion on May 9, 2014. ECF No. 18. Defendant ExxonMobil Oil Corporation ("Mobil") filed a Joinder in Defendant MOSAT's Opposition on May 12, 2014. ECF No. 19. Plaintiff filed a Reply on May 23, 2014. ECF No. 20. The Court found this matter suitable for disposition without a hearing pursuant to Rule

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 15. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was not properly removed and RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand.

BACKGROUND

Plaintiff filed this action in the Circuit Court of the First Circuit, State of Hawaii, alleging negligence under the Jones Act, unseaworthiness, maintenance and cure, and loss of consortium related to the death of her husband, Jurgen Unterberg. ECF No. 1-1, Second Amended Compl. Plaintiff alleges that Mr. Unterberg was a seaman who was exposed to asbestos while working aboard Defendants' ships and that this exposure cause his death. Id. ¶¶ 5-19.

In its Notice of Removal, MOSAT asserts that this action is removable because the court has original jurisdiction under the recently amended version of 28 U.S.C. § 1441 based on admiralty jurisdiction, 28 U.S.C. § 1333(1), and the diversity of the parties, 28 U.S.C. § 1331. Id. ¶¶ 5, 11-19. Defendant Mobil filed a consent to the Notice of Removal on April 17, 2014. ECF No. 4. The present Motion followed.

DISCUSSION

As a preliminary matter, MOSAT argues that the court

should address its and Mobil's pending motions to dismiss for lack of personal jurisdiction before the present Motion to Remand.  ECF No. 18 at 12-15.  On April 28, 2014, the district court issued an order vacating the hearing on the motions to dismiss and stating that it would address the motions to dismiss, if necessary, after the Motion to Remand was decided.  ECF No. 14.  To the extent MOSAT requests that this Court overturn the decision of the district court to address the motions to dismiss after the pending Motion to Remand, that request is denied.

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper.  Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).

MOSAT argues that removal is appropriate based on three grounds:  (1) recent amendments to the removal statute, 28 U.S.C. § 1441, permit removal of Plaintiff's general maritime claims

under 28 U.S.C. § 1333(1); (2) Plaintiff's Jones Act claim does not prevent removal because it is fraudulently pled; and (3) diversity of the parties. ECF No. 18 at 15-36. MOSAT's arguments regarding the recently amended Section 1441 and diversity are only applicable if the Court first finds that Plaintiff's Jones Act claim does not prevent removal. As detailed below, the Court finds that Defendant MOSAT has failed to meet its burden to establish that removal was proper because Plaintiff's Jones Act claim bars removal and is not severable under Section 1441(c).

**I. Plaintiff's Jones Act Claim is Not Removal.**

Plaintiff alleges a claim for negligence under the Jones Act against MOSAT and Mobil. See ECF No. 1-1, Second Amended Compl., ¶¶ 1-10. The Jones Act provides:

> A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

46 U.S.C. § 30104.

Suits brought in state court under the Jones Act are not removable to federal court. See 28 U.S.C. § 1445(a); 46 U.S.C. § 30104; Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001) (holding that Jones Act claims are "not subject

4

to removal to federal court even in the event of diversity of the parties"). MOSAT acknowledges this prohibition on removal, but argues that Plaintiff's Jones Act claim does not preclude removal here because it is fraudulently pled. ECF No. 18 at 24-25.

The Ninth Circuit has not specifically addressed the framework under which a district court may examine a purportedly fraudulent Jones Act claim on removal. However, the Court finds that the Ninth Circuit's precedent regarding fraudulent joinder is instructive.[2] Generally, whether or not a case is removable is to be determined only by the allegations in the complaint. See Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993). However, in considering whether a plaintiff has fraudulently joined a defendant to avoid removal, the court may consider evidence outside of the pleadings. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); see also Lovell v. Bad Ass Coffee Co. of Haw., Inc., 103 F. Supp. 2d 1233, 1237 (D. Haw. 2000). The defendant asserting fraudulent joinder must demonstrate that there is "no possibility" that the plaintiff could state a cause of action against that defendant.

---

[2] MOSAT urges the Court to follow one unpublished district court decision from the Northern District of California, which adopts the analysis of the Fifth Circuit in determining whether a Jones Act claim is fraudulently pled. See ECF No. 18 at 24-25 (citing Creps v. Truco Marine, LLC, No. C-11-01751-DMR, 2011 WL 5577083 (N.D. Cal. Nov. 8, 2011)). The Court finds that looking to analogous precedent from the Ninth Circuit addressing fraudulent joinder is more appropriate, but notes that the resulting analysis is substantially similar.

5

Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048, 1051 (C.D. Cal. 2013); see also Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., Inc., 24 Fed. Appx. 727, 729 (9th Cir. 2001). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)). In light of this precedent, the Court finds that it is appropriate to consider evidence outside of the pleadings to determine whether MOSAT has demonstrated that there is "no possibility" that Plaintiff can state a claim under the Jones Act.

"A tort claim under the Jones Act is properly plead [sic] if it contains allegations that the injured person is a seaman who was acting within the scope of his employment when he was injured." Rodriguez v. Flota Mercante Grancolombiana, S.A., 703 F.2d 1069, 1072 (9th Cir. 1983); see also 46 U.S.C. § 30104; 45 U.S.C. §§ 51, 59. MOSAT argues that Plaintiff's Jones Act claim is fraudulently pled for two reasons: (a) Plaintiff failed to allege that MOSAT was Mr. Unterberg's employer; and (b) MOSAT is not an "employer" for Jones Act purposes. See ECF No. 18 at 25-34. As discussed below, the Court finds that MOSAT has failed

6

to demonstrate that there is "no possibility" that Plaintiff will be able to establish a claim under the Jones Act.

**(a) Plaintiff's Purported Failure to Allege that MOSAT was Mr. Unterberg's Employer**

MOSAT asserts that Plaintiff failed to plead that MOSAT was Mr. Unterberg's employer. ECF No. 18 at 25-26. The Complaint alleges that Mr. Unterberg was "employed by Defendant Mobil." ECF No. 1-1, Second Amended Compl., ¶ 8. The Complaint also alleges that MOSAT is "a wholly owned subsidiary" of Mobil and was "totally controlled" by Mobil. Id. ¶ 7. Additionally, the Complaint alleges that MOSAT was the owner of two of the ships upon which Mr. Unterberg worked. Id. ¶¶ 5, 7. MOSAT submitted a purported copy of Mr. Unterberg's German passport and a declaration from Fiona Harness, Assistant Corporate Secretary for MOSAT, stating that MOSAT "employed all German officers who sailed merchant vessels owned or bare-boat chartered by MOSAT and others." ECF No. 18-1; ECF No. 18-4 ¶ 6. Plaintiff also submitted Mr. Unterberg's German passport and a letter produced in discovery by Mobil stating that MOSAT was the employer of all German fleet officers from 1967 to 1982. See ECF No. 20-13; ECF No. 12-7. These submissions indicate that MOSAT was, in fact, Mr. Unterberg's employer. Although the Second Amended Complaint may be technically deficient in not specifically alleging that MOSAT was Mr. Unterberg's employer, in light of the evidence

7

presented by MOSAT and Plaintiff, MOSAT has failed to demonstrate that there is "no possibility" that Plaintiff will be able to establish that MOSAT was Mr. Unterberg's employer under the Jones Act.  See Glynn v. Roy Al Boat Mgmt. Corp., 57 F.3d 1495, 1498 (9th Cir. 1995) (stating that the Ninth Circuit has "long held that whether an employer/employee relationship exists is usually a question of fact for the jury, so long as there is an evidentiary basis for its consideration"), *abrogated on other grounds by* Atl. Sounding Co., Inc. v. Townsend, 557 U.S. 404 (2009).

**(b) Whether MOSAT is an "Employer" for Purposes of Jones Act Liability**

MOSAT argues that Plaintiff's Jones Act claim is fraudulently pled because MOSAT cannot be considered an "employer" under the Jones Act.  ECF No. 18 at 26-34.  The Supreme Court has stated that the following non-exhaustive factors may be considered in determining whether a particular shipowner is an "employer" under the Jones Act: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured seaman; (4) the allegiance of the shipowner; (5) the place where the employment contract was made; (6) the accessibility of a foreign forum; (7) the law of the forum; and (8) the shipowner's base of operations.  Lauritzen v. Larsen, 345 U.S. 571, 583-91 (1953); Hellenic Lines, Ltd. v.

Rhoditis, 398 U.S. 306, 309 (1970); see also Warn v. M/Y Maridome, 169 F.3d 625, 628 (9th Cir. 1999).

MOSAT argues that the factors weigh against Jones Act liability because the ships upon which Mr. Unterberg worked were owned by companies incorporated in Liberia or Panama, Mr. Unterberg was a German citizen, and the place of Mr. Unterberg's employment contract was either Germany or Liberia. See ECF No. 18 at 27-32 (citing Decl. of Susan L. Diaz, Assistant Secretary for ExxonMobil Oil Corp., ECF No. 18-5, ¶¶ 2, 4, 6; Decl. of Fiona Harness, ECF No. 18-4, ¶¶ 3, 6; Decl. of Jeffrey S. Portnoy, ECF No. 18-1, ¶¶ 2, 3; ECF No. 18-2; ECF No. 18-3). Plaintiff contends that many of Mr. Unterberg's voyages on Defendants' vessels were either to or from an American port or called on several American ports while underway, that MOSAT was headquartered in New York while Mr. Unterberg was employed by Defendants, and that MOSAT was wholly-owned by Defendant Mobil, a New York corporation, during the period of Mr. Unterberg's employment. ECF No. 20 at 17-20 (citing Aff. of Kelan Unterberg, ECF No. 20-12, ¶¶ 7-8; ECF No. 20-13; ECF No. 20-5; ExxonMobil's Objections and Responses to Plaintiff's First Request for Answers to Interrogatories, ECF No. 20-10, at 7, 11; ECF No. 20-6 at 12).

Based on the evidence presented by MOSAT and Plaintiff, it appears that the factors are mixed. Although several factors weigh against Jones Act liability, Plaintiff has presented

evidence that calls into question the place of the wrongful act, the allegiance of MOSAT, and MOSAT's base of operations.  See Warn, 169 F.2d at 629 (noting that the flag of the ship is only "potentially dispositive" and declining to holding that a United States base of operations "cannot ever be dispositive").  As noted above, for purposes of determining whether a Jones Act claim is fraudulently pled, MOSAT must demonstrate that there is "no possibility" that Plaintiff can state a claim under the Jones Act.  The Court finds that MOSAT has failed to meet its burden to demonstrate that there is "no possibility" that Plaintiff will be able to establish that MOSAT is an "employer" for purposes of establishing Jones Act liability.  Because MOSAT has failed to demonstrate that Plaintiff's Jones Act claim is fraudulently pled, the Court finds that Plaintiff's Jones Act claim is not removable under 28 U.S.C. § 1445(a).

**II. Removal is Not Appropriate Under 28 U.S.C. § 1441(c).**

MOSAT next argues that assuming Plaintiff's Jones Act claim is viable, it should be severed and remanded and the Court should retain jurisdiction over Plaintiff's general maritime claims.  ECF No. 18 at 34.  Under Section 1441(c), any action that includes both a claim "arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)" and a claim that has been made nonremovable

by statute, may be removed and the Court shall sever and remand the nonremovable claim. 28 U.S.C. § 1441(c).[3]

Although Plaintiff's action includes a claim that has been made nonremovable by statute (i.e., a Jones Act claim), Plaintiff's action does not include a claim that arises under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. Federal courts are granted jurisdiction over maritime claims under 28 U.S.C. § 1333(1). In Romero v. International Terminal Operating Co., the Supreme Court established that maritime claims under Section 1333 do not "arise under" the Constitution, law, or treaties of the United States within the meaning of 28 U.S.C. § 1331. 358 U.S. 354, 378 (1959) (holding that original jurisdiction under Section 1331 "does not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction"), *superseded by statute on other grounds by* Miles v. Apex Marine Corp., 498 U.S. 19, 33 (1990); Queen Victoria Corp. v. Ins. Specialists of Haw., Inc., 694 F. Supp. 1480, 1482 (D. Haw. 1988). Accordingly, MOSAT has failed to establish that Plaintiff's action is removable under Section 1441(c). See Freeman v. Phillips 66 Co., Civil Action Nos. 14-311, 14-624, 2014 WL 1379786, at *5 (E.D. La. April 8, 2014) (holding that Section 1441(c) does not apply to

---

[3] MOSAT's Notice of Removal does not include 28 U.S.C. § 1441(c) as a basis for removal.

general maritime claims); <u>Rawls v. Phillips 66 Co.</u>, Civil Action No. 14-602, 2014 WL 2003104, at *1 (E.D. La. May 15, 2014)(same).

Because the Court finds that Plaintiff's Jones Act claim is not removable under Section 1445(a) and Plaintiff's general maritime claims are not removable under Section 1441(c), the Court need not address MOSAT's arguments that the removal of maritime claims based on admiralty jurisdiction is permissible under the recent amendments to Section 1441. <u>See</u> ECF No. 18 at 14, 15-24.

<u>CONCLUSION</u>

The Court finds that Defendant MOSAT improperly removed this action and recommends that the district court GRANT Plaintiff's Motion to Remand this action to the First Circuit, State of Hawaii. <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 4, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

**<u>UNTERBERG V. EXXON MOBIL CORP., ET AL.</u>, CIVIL NO. 14-00181 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**