IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELAN UNTERBERG, Individually and as Personal Representative of the Estate of JURGEN UNTERBERG, Deceased,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>EXXON MOBIL CORPORATION; MOBIL SHIPPING AND TRANSPORTATION COMPANY; DOES 1 to 25,<br><br>　　　　　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 14-00181 JMS-RLP<br><br>ORDER OVERRULING OBJECTIONS, AND ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND |

## ORDER OVERRULING OBJECTIONS, AND ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

Defendant Mobil Shipping and Transportation Company ("Mobil Shipping") objects pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 74.2 to Magistrate Judge Richard Puglisi's June 4, 2014 Findings and Recommendation to Grant Plaintiff's Motion to Remand ("June 4 F&R"). Based on the following, the court OVERRULES the objections. Upon de novo review, the June 4 F&R is ADOPTED. The action is REMANDED to the First Circuit Court of the State of

Hawaii ("State court").

## II. BACKGROUND

Plaintiff Kelan Unterberg, Individually and as Personal Representative

of the Estate of Jurgen Unterberg, Deceased ("Plaintiff") filed this action in State

court on December 28, 2012. *See* Doc. No. 12-3, Compl. at 1. Plaintiff sought

damages against Defendant Exxon Mobil Corporation ("ExxonMobil")[1] and prior

Defendants (IMO Industries, Inc., TransAmerica Delaval Inc., and Delaval Steam

Turbine Company) based on negligence; loss of consortium; strict products

liability; the Jones Act, 46 U.S.C. § 30101; and general maritime law (alleged

under the savings to suitor's clause of 28 U.S.C. § 1333(1)). *See id.* at 2-8.[2] These

Defendants allegedly caused or contributed to Jurgen Unterberg's malignant

mesothelioma and/or other asbestos-related diseases, which allegedly developed as

a result of exposure to asbestos while working on ships "floating on navigable

waters of the United States and other navigable waters[.]" *Id.* at 3.

On April 1, 2014, Plaintiff filed a Second Amended Complaint

("SAC") in State court that added Mobil Shipping as a co-Defendant with

---

[1] "Exxon Mobil Corporation" is apparently properly known as "ExxonMobil Oil Corporation." *See, e.g.*, Doc. No. 28, Def. ExxonMobil Oil Corp.'s Joinder.

[2] A similar First Amended Complaint was filed in State court on January 15, 2013, adding Yarway Corporation as a Defendant. *See* Doc. No. 21-9, Am. Compl. at 2.

ExxonMobil. *See* Doc. No. 1-1, SAC at 1. (According to Plaintiff, the other prior

Defendants -- IMO Industries, Transamerica Delaval Inc., Delaval Steam Turbine

Company, and Yarway Corporation -- settled with Plaintiff, and were not named in

the SAC. *See* Doc. No. 12-1 at 6, Pl.'s Mot. to Remand at 2.) Similar to previous

versions of the Complaint, the SAC alleges negligence, loss of

consortium/infliction of emotional distress, Jones Act, and general maritime claims

(again, alleged under the savings to suitor's clause of 28 U.S.C. § 1333(1)). *See*

Doc. No. 1-1, SAC at 3-8.

On April 16, 2014, Mobil Shipping removed the action to this court.

*See* Doc. No. 1, Notice of Removal. It based its removal on (1) 28 U.S.C. § 1332

(diversity of citizenship),[3] and (2) maritime jurisdiction under 28 U.S.C.

§ 1333(1).[4] Shortly thereafter, on April 23, 2014, ExxonMobil and Mobil

Shipping both filed Motions to Dismiss for lack of personal jurisdiction.[5] Doc.

---

[3] The Notice asserts that (1) Plaintiff is a resident of Guam; (2) Defendant ExxonMobil was incorporated in New Jersey, and has its principal place of business in Texas; (3) Defendant Mobil Shipping was incorporated in the Marshall Islands, and has its principal place of business in Bermuda; and (4) more than $75,000 is in controversy. *See* Doc. No. 1, Notice of Removal at 3-4.

[4] Section 1333 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

[5] A similar Motion to Dismiss by ExxonMobil was pending in State court when the action was removed. *See* Doc. Nos. 21-53 (Motion); 24-1, 24-2 (Opposition); and 29-2 (Reply).

Nos. 8, 10.  The court set the Motions to Dismiss for a June 2, 2014 hearing in the ordinary course of business.  Two days later, however, Plaintiff filed this Motion to Remand arguing (among other points) that, under 28 U.S.C. § 1445(a), a state action alleging a Jones Act claim is not removable -- regardless of the existence of diversity of citizenship or the removability of a maritime claim under § 1333.  *See, e.g.*, *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) ("[A] Jones Act claim . . . is not subject to removal to federal court even in the event of diversity of the parties.").

Accordingly, this court vacated the June 2, 2014 hearing date for the Motions to Dismiss, referred the Motion to Remand to Magistrate Judge Puglisi, and ordered that "[t]he court will address the Motions to Dismiss, if necessary, after Plaintiff's Motion to Remand."  Doc. No. 14.

On June 4, 2014, Magistrate Judge Puglisi found that this action was improperly removed, and recommended granting Plaintiff's Motion to Remand. *See* Doc. No. 22, June 4 F&R at 2.  He rejected Mobil Shipping's argument that Plaintiff's Jones Act claim was fraudulently pled to prevent removal, finding instead that Mobil Shipping has not met its burden to demonstrate at this stage that there is "no possibility" that Plaintiff could not succeed on her Jones Act claim.  *Id.* at 10.  He also declined to sever the Jones Act claim from the state law and general

maritime claims, and thus refused to recommend remanding only the Jones Act claim while retaining other claims in federal court -- he concluded that § 1441(c) (as revised in 2011) does not apply.[6]

On June 17, 2014, Mobil Shipping (joined by ExxonMobil) filed its Objections to the June 4 F&R, Doc. Nos. 27, 28, and on June 30, 2014 Plaintiff filed her Response.  Doc. No. 31.  The court decides the matter without a hearing. *See* Local Rules 7.2(e) & 74.2.

### III.  <u>STANDARD OF REVIEW</u>

A motion to remand is considered to be a case-dispositive motion, requiring the issuance of a findings and recommendation if initially reviewed by a

---

[6] Section 1441(c) provides:

(1) If a civil action includes--
    (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
    (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.  Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

magistrate judge.  *See Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008).  When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

///

///

# IV.  DISCUSSION

## A.  The Court Declines to Resolve Personal Jurisdiction First

Initially, Mobil Shipping asserts that this court should decide the Motions to Dismiss for lack of personal jurisdiction *before* addressing the Motion to Remand to avoid reaching "a slew of complicated questions arising" out of the Motion to Remand.  Doc. No. 27, Obj. at 1.  Indeed, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), held that -- because there is "no unyielding jurisdictional hierarchy" -- a district court has discretion to dismiss an action for lack of personal jurisdiction before addressing whether the court has subject matter jurisdiction.  *Id.* at 578.  "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry."  *Id.*  Nevertheless, although this court has such discretion, it declines in this instance to address personal jurisdiction before deciding whether to remand.

*Ruhrgas* acknowledged that courts ordinarily reach subject matter jurisdiction first, but reasoned that certain circumstances allow a court to dispose of a case on personal jurisdiction grounds -- "[w]here . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and

7

novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Id.* at 588. *Rurhgas* recognized that if subject matter jurisdiction involves "no arduous inquiry," then "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88. That is, if a court reaches personal jurisdiction first, it "should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved." *Id.* (quoting *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996)). As analyzed below, those circumstances are not present -- and, in fact, the court faces the opposite posture. Here, the court plainly lacks subject matter jurisdiction, and the personal jurisdiction issue appears (at least upon initial review) to present complex factual questions.[7]

## B.    28 U.S.C. § 1445 Prevents Removal of an Action alleging a Jones Act Claim

Section 1445(a) provides: "A civil action in any State court against a railroad or its receivers or trustees, arising under [the Federal Employees Liability Act ("FELA"), 45 U.S.C. §§ 51-54, 55-60], may not be removed to any district court of the United States." Although § 1445(a) refers to actions arising under

---

[7] For example, resolving the two Motions to Dismiss for lack of personal jurisdiction appears to require unraveling the complex corporate structure and nature of various ExxonMobil entities, and understanding the relationship between Mobil Shipping and ExxonMobil. It might also require examining which vessels may be at issue, and where they may have operated (in a case raising exposure to asbestos in the 1970s).

FELA, it also applies to state actions asserting claims under the Jones Act, and (absent waiver) clearly bars removal of such actions. *See*, *e.g.*, *Lewis*, 531 U.S. at 455 (concluding that "respondent raised a Jones Act claim, which is not subject to removal to federal court even in the event of diversity of the parties," and noting that § 1445(a) is "incorporated by reference into the Jones Act"); 46 U.S.C. § 30104 ("Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under [the Jones Act]."); *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) ("It is axiomatic that Jones Act suits may not be removed from state court.").

Mobil Shipping primarily responds in two ways -- (1) it properly removed the action based upon Plaintiff's invocation of general maritime law, which implicates a district court's original jurisdiction under 28 U.S.C. § 1333; and (2) the Jones Act claim was fraudulently pled to bar removal. The court addresses each argument in turn.

### 1. Even Assuming There Is "Original Jurisdiction" under § 1333, § 1445(a) Still Bars Removal

Mobil Shipping argues that it properly removed the action because this court has original jurisdiction by statute and the Constitution over Plaintiff's maritime claims. *See* 28 U.S.C. § 1333(1) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of (1) Any civil case of admiralty

or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."); U.S. Const., art. III, § 2 ("The judicial Power shall extend . . . to all Cases of admiralty and maritime jurisdiction."). It relies on 28 U.S.C. § 1441(a), which provides "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed[.]"

Prior to January 6, 2012 -- the effective date of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, which amended certain provisions of the federal removal statutes (the "2011 Amendments") -- it was settled that state court actions alleging admiralty or maritime claims under the savings to suitor's clause of § 1333 were not removable (absent an independent basis of federal jurisdiction). *See, e.g.*, *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1069 (9th Cir. 2001); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991); *In re Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996). Such cases reasoned, among other grounds, that 28 U.S.C. § 1441(b) (as it provided before the 2011 Amendments) was an Act of Congress that "otherwise expressly provided" that admiralty or maritime claims were not removable under § 1441(a) because such claims do not "arise under the Constitution, treaties, or laws of the United States" for these

purposes.[8]  In this regard, § 1441(b) provided:

> Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties, or laws of the United States* shall be removable without regard to the citizenship of residence of the parties.  *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006) (emphasis added).  *See, e.g.*, *In re Dutile*, 935 F.2d at 63 (reasoning that "admiralty and general maritime claims fall within the category of '[a]ny other [civil] action' governed by the second sentence of § 1441(b)").

The 2011 Amendments, however, changed § 1441(b) to read:

> (1)  In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2)  A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of

---

[8]  In contrast to 28 U.S.C. § 1331, which provides for original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," it is settled that claims of admiralty or maritime jurisdiction under § 1333 do not "arise under the Constitution, treaties, or laws of the United States."  *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 378 (1959) (finding it "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction [under § 1333]"), *superceded by statute on other grounds*, 45 U.S.C. § 59; *Sarei v. Rio Tinto, PLC*, 671 F.3d 736, 754 (9th Cir. 2011) ("Admiralty law does not 'arise under' federal law for Article III purposes[.]"), *vacated on other grounds*, 133 S. Ct. 1995 (2013).

the State in which such action is brought.

Because the 2011 Amendments removed language distinguishing claims "arising under the Constitution, treaties or laws of the United States" from § 1441(b), some district courts have concluded that defendants may now remove admiralty or maritime claims (despite the savings to suitor's clause) based on a federal court's "original jurisdiction." *See, e.g.*, *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803, at *4 (M.D. La. Nov. 19, 2013). Many other courts, however, disagree. *See, e.g.*, *Coronel v. AK Victory*, --- F. Supp. 2d ----, 2014 WL 820270, at *11 (W.D. Wash. Feb. 28, 2014); *Gabriles v. Chevron USA, Inc.*, 2014 WL 2567101, at *3 (W.D. La. Jun. 06, 2014) (citing cases); *Pierce v. Parker Towing Co.*, 2014 WL 2569132, at *6 (S.D. Ala. Jun. 9, 2014); *In re Foss Maritime Co.*, 2014 WL 2930860, at *3 (W.D. Ky. Jun 27, 2014).

But this court need not weigh in on this question. *Regardless* of whether an admiralty or maritime claim is removable after the 2011 Amendments, it remains clear -- given § 1445(a) -- that a state action alleging a Jones Act claim is "not subject to removal to federal court even in the event of diversity of the parties." *Lewis*, 531 U.S. at 455. Nothing in the 2011 Amendments purported to revise § 1445(a), which is also an "Act of Congress" that "otherwise expressly

provides" that an action may not be removed. *See* 28 U.S.C. § 1441(a) ("*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed[.]") (emphasis added). Even after the 2011 Amendments, § 1445(a) still precludes removal of actions with Jones Act claims, such that the court need not decide whether general admiralty or maritime actions are now removable -- a result reached by several other courts facing this same question. *See, e.g.*, *Freeman v. Phillips 66 Co.*, 2014 WL 1379786, at *4-5 (E.D. La. Apr. 8, 2014) ("The Court need not answer these questions today [regarding § 1333], however, for it finds the claims to be non-removable pursuant to the Jones Act."); *Rawls v. Phillips 66 Co.*, 2014 WL 2003104, at *1 (E.D. La. May 15, 2014) ("The Court need not decide the issue because the Court finds that the presence of a Jones Act claim in this case precludes removal.").

### 2. *Mobil Shipping Has Not Met its Burden to Demonstrate That Plaintiff's Jones Act Claim Was Fraudulently Pled*

#### a. *Principles of fraudulent pleading, or fraudulent joinder*

Mobil Shipping also argues that it was entitled to remove this action because Plaintiff's Jones Act claim was fraudulently pled. *See, e.g.*, *Creps v. Truco Marine, LLC*, 2011 WL 5577083, at *2 (N.D. Cal. Nov. 8, 2011) ("Although a party typically cannot remove a Jones Act claim to Federal court . . . courts have

provided an exception to this rule when the plaintiff has submitted a fraudulent pleading to evade removal.") (citations omitted); *Hufnagel v. Omega Serv. Indus.*, 182 F.3d 340, 345 (5th Cir. 1999) ("A fraudulently pleaded Jones Act claim does not bar removal.").

"A claim is fraudulently pleaded when there is no possibility that the plaintiff would be able to establish a cause of action." *Carrigan v. M/V AMC Ambassador*, 2014 WL 358353, at *2 (S.D. Tex. Jan. 31, 2014) (citing *Burchett*, 48 F.3d at 176); *cf. United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) ("If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity.") (quotation marks and citations omitted). That is, defendants sued under the Jones Act can remove an action if such claims "are baseless in law and in fact and 'serve[ ] only to frustrate federal jurisdiction.'" *Lackey*, 990 F.2d at 207 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). "The court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in the plaintiff's favor, the court determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits." *Hufnagel*, 182 F.3d at 345-46. In making this

determination, courts may look beyond allegations of the pleadings and examine any proffered evidence. *See, e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("Where fraudulent joinder is an issue . . . [t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.") (quotation marks and citations omitted); *Lackey*, 990 F.2d at 207 ("[D]efendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal.").

Nevertheless, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009). There is a presumption against removal, such that "the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007).

And although a court may look to evidence in determining fraudulent joinder, it does so in a summary manner. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009) (explaining that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude

plaintiff's recovery against the in-state defendant") (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)). "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits." *Smallwood*, 385 F.3d at 574. "[A]ny piercing of the pleadings should not entail substantial hearings." *Id.*; *see also, e.g.*, *Lovell v. United Airlines, Inc.*, 2009 WL 3172729, at *3 & n.3 (D. Haw. Oct. 2, 2009) ("[T]he district court may, in its discretion, pierce the pleadings and conduct a summary inquiry[.]") (quoting *Smallwood*, 385 F.3d at 573).[9]

### b. *Application of fraudulent pleading principles*

"A tort claim under the Jones Act is properly [pled] if it contains allegations that the injured person is a seaman who was acting within the scope of his employment when he was injured." *Rodriguez v. Flota Mercante Grancolombiana, S.A.*, 703 F.2d 1069, 1072 (9th Cir. 1983); *Green v. Ross Island Sand & Gravel Co.*, 2014 WL 262133, at *3 (N.D. Cal. Jan. 23, 2014) (applying *Rodriguez*, remanding a Jones Act action to state court, and refusing to look beyond the pleadings on a motion to remand). Applying this *Rodriguez* standard,

---

[9] Although some caselaw refers to a "summary judgment-like procedure for disposing of fraudulent pleading claims," *Burchett*, 48 F.3d at 176, it nevertheless remains accepted that "a district court should not pre-try a case to determine removal jurisdiction." *Hufnagel*, 182 F.3d at 345. And, as with a true summary judgment motion, "in determining whether a plaintiff's claims are baseless, the district court must resolve all disputed questions of fact and any ambiguities in the current controlling substantive law in favor of the plaintiff." *Burchett*, 48 F.3d at 176.

the SAC clearly alleges that Jurgen Unterberg was employed as "a chief engineer and merchant seaman in boiler rooms and engine rooms and machinery spaces from approximately 1973 through 1978 on board ships in Hawaii . . . working on civilian vessels and commercial liners in private industry, including Mobil Comet, Mobil Wapello, Mobil Vigilant, Mobil Exporter, [Mobil] Pride and Mobil Conastoga." Doc. No. 1-1, SAC ¶ 5; *see also* Doc. No. 20-11, Pl.'s Ex. P. The SAC alleges that Mobil Shipping "was the nominal owner of the Mobil Vigilant and the [Mobil] Pride," and "is a wholly owned subsidiary of [ExxonMobil]." Doc. No. 1-1, SAC ¶ 7; *see also* Doc. No. 20-10, Pl.'s Ex. O. It further alleges that he "enjoyed an employment-related connection to the vessels which was substantial in both nature and duration." Doc. No. 1-1, SAC ¶ 8. And the record contains evidence that Mobil Shipping was the employer of German officers (such as Jurgen Unterberg) on all Mobil Tankers in the 1970s. *See, e.g.*, Doc. No. 20-2, Pl.'s Ex. G. Other evidence, however, indicates Jurgen Unterberg was "employed" by "Mobil Oil G.m.b.H." for the periods and vessels in question. *See* Doc. No. 20-7, Pl.'s Ex. L.

Mobil Shipping fails to meet its burden to demonstrate by clear and convincing evidence that Plaintiff's Jones Act claim is "baseless" or that there is "no possibility" that Plaintiff can succeed. The SAC alleges, supported by

17

evidence construed in Plaintiff's favor, that Jurgen Unterberg was (1) a "seaman" acting within the scope of employment, and (2) was employed in some manner by Mobil Shipping. There is a "possibility" of a valid Jones Act claim. The claim was not "fraudulently" pled. And "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Mobil Shipping stresses the factors set forth in *Lauritzen v. Larsen*, 345 U.S. 571 (1953), and *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970), and argues that the interests of the United States are insufficient to warrant application of the Jones Act. These choice-of-law factors set forth a framework to analyze whether foreign law, rather than the Jones Act, applies to a party's claims. *See Warn v. M/Y Maridome*, 169 F.3d 625, 628 (9th Cir. 1999).

> [T]he *Lauritzen* factors are (1) the place of the wrongful act, (2) the law of the flag, (3) the allegiance or domicile of the injured party, (4) the allegiance of the shipowner, (5) the place of the seaman's employment contract, (6) the accessibility of a foreign forum, and (7) the law of the forum. *See Lauritzen*, 345 U.S. at 583-592. In *Rhoditis*, the Supreme Court stated that "the list of seven factors in *Lauritzen* was not intended as exhaustive," and instructed courts to consider the "shipowner's base of operations" as an additional factor. *Rhoditis*, 398 U.S. at 309.

*Warn*, 169 F.3d at 628. Mobil Shipping points to factors (some of which are disputed) which it claims indicate foreign law (not the Jones Act) should apply -- it

was a Liberian Company, Jurgen Unterberg was a German citizen, and the vessels in question were not registered in the United States.  Doc. No. 18, Opp'n at 18-24.

Magistrate Judge Puglisi examined these factors, but determined that they were mixed.  He reasoned that Plaintiff has produced evidence supporting her arguments questioning the place of the wrongful acts (American ports), the allegiance of Mobil Shipping (wholly-owned by ExxonMobil, a New York Corporation), and Mobil Shipping's base of operations (New York).  *See, e.g.*, Doc. No. 20, Pl.'s Opp'n at 17-20; Doc. No. 20-4, Pl.'s Ex. I; Doc. No. 20-6, Pl.'s Ex. K; Doc. No. 20-10, Pl.'s Ex. O; Doc. No. 20-13, Pl.'s Ex. A.  Thus, because Mobil Shipping cannot demonstrate that there is "no possibility" of a Jones Act claim, Magistrate Judge Puglisi found that the claim was not fraudulently pled.

Mobil Shipping contends that Magistrate Judge Puglisi "abdicated his duty to make a necessary and definitive legal ruling that one side or the other had prevailed on the *Lauritzen* factors."  Doc. No. 27, Obj. at 12.  It argues that "[t]he *Lauritzen* factors must be weighed and if [it] prevails in that balancing . . . then it follows that Plaintiff's claim cannot succeed and was fraudulently pleaded."  *Id.*

But this is a Motion to Remand, *not* a Motion to Dismiss or Motion for Summary Judgment.  At this stage, the inquiry is limited to determining whether there is "no possibility that the plaintiff would be able to establish a cause

of action." *Burchett*, 48 F.3d at 176. Stated alternatively, the court looks to whether it is "obvious" that the joinder is fraudulent. *United Computer Sys., Inc.*, 298 F.3d at 761, and whether the claim is clearly "baseless." *Lackey*, 990 F.2d at 207. Although the court examines the available evidence, this is a "summary inquiry," *Hunter*, 582 F.3d at 1045, and not "a resolution of the merits." *Smallwood*, 385 F.3d at 574.[10] The court "must resolve all disputed questions of fact and any ambiguities in the current controlling substantive law in favor of the plaintiff." *Burchett*, 48 F.3d at 176. Applying these standards, the court agrees (on de novo review) with Magistrate Judge Puglisi that Mobil Shipping has failed to meet its burden to demonstrate that Plaintiff's Jones Act claim was fraudulently

---

[10] *Rhoditis* noted that the *Lauritzen/Rhoditis* analysis is factually-intensive and

> involves the ascertainment of the facts or groups of facts which constitute contacts between the transaction involved in the case and the United States, and then deciding whether or not they are substantial. Thus each factor is to be "weighed" and "evaluated" only to the end that, after each factor has been given consideration, a rational and satisfactory conclusion may be arrived at on the question of whether all the factors present add up to the necessary substantiality. Moreover, each factor, or contact, or group of facts must be tested in the light of the underlying objective, which is to effectuate the liberal purposes of the Jones Act.

398 U.S. at 309 n.4. And so, even if this is ultimately a question of law, it would be particularly inappropriate to definitively weigh the *Lauritzen/Rhoditis* factors at this Motion to Remand stage, given the record before the court. *See, e.g.*, *Nikitjuks v. Stolt-Nielsen, S.A.*, 2010 WL 4273328, at *2, 3 (E.D. Pa. Oct. 28, 2010) (concluding that "it would be inappropriate for the Court to engage in a *Lauritzen-Rhoditis* analysis at this time," reasoning that "the *Lauritzen-Rhoditis* framework requires a fact-intensive analysis, [and] discovery is necessary before a determination can be made as to whether this Jones Act claim should be dismissed").

pled to evade removal.

## C. The Jones Act Claim Is Not Severable under 28 U.S.C. § 1441(c)

Next, Mobil Shipping's Motion to Remand argues that, if the court

finds a viable Jones Act claim, it should sever it from the remaining claims

(negligence, general maritime claims, loss of consortium) and remand only the

Jones Act claim. For this proposition it cites to § 1441(c) (as revised in the 2011

Amendments), which provides:

(1) If a civil action includes--

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

Because, the argument goes, Mobil Shipping properly removed the

action based upon admiralty and maritime jurisdiction, it contends that

§ 1441(c)(2) applies and "the district court shall sever from the action all claims described in [§ 1441(c)(1)(B)] and shall remand the severed claims to the State court from which the action was removed."

But the prerequisites to this severance provision simply do not apply. Under § 1441(c)(1)(A), an admiralty or maritime claim under § 1333 (let alone claims for negligence or loss of consortium) is not "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." *See, e.g.*, *Romero*, 358 U.S. at 378; *Sarei*, 671 F.3d at 754. Section 1441(c) requires *both* that a civil action arise under § 1331 *and* otherwise include another "claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." Here, there is no claim within the meaning of § 1331, and removal was thus not proper under § 1441(c). The court cannot sever (and remand) the Jones Act claim from the remainder of the action. *See, e.g.*, *Freeman*, 2014 WL 1379786, at *5.

**D.     The Court Refuses to Deny the Motion to Remand and Certify the Order for Interlocutory Appeal**

Lastly, Mobil Shipping points out that, if this court remands the action, the order of remand would generally be non-appealable. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding

a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."); *Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 934 (9th Cir. 2010) (explaining that "§ 1447(d) prohibits review only of remand orders issued pursuant to a ground enumerated in § 1447(c)") (citing *Thermtron Prods. Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c)). It thus suggests that, if the court finds that the removal and remand issues are close questions, and are worthy of consideration by the Ninth Circuit, the "better course" is to deny remand and certify the issues for immediate appeal. Doc. No. 27, Objections at 12-13.

Even assuming this would be a viable option, the issues are not close -- § 1445(a) plainly requires remand of an action brought under the Jones Act, and the claim was not fraudulently pled.

///

///

///

///

///

///

## V.  **CONCLUSION**

For the foregoing reasons, the June 4, 2014 Findings and

Recommendation to Grant Plaintiff's Motion to Remand is ADOPTED.  The

Motion to Remand is GRANTED.  The action is REMANDED to the First Circuit

Court of the State of Hawaii.

IT IS  SO ORDERED.

DATED:  Honolulu, Hawaii, July 10, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Unterberg v. Exxon Mobil Corp. et al.*, Civ. No. 14-00181 JMS-RLP, Order Overruling
Objections, and Adopting Magistrate Judge's Findings and Recommendation to Grant Plaintiff's
Motion to Remand